**AMERICAN EXPRESS COMPANY,**
**Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE and Griffin B. Bell as Attorney General of the United States, Defendants.**

**No. 78 Civ. 2340 (CHT).**

United States District Court,
S. D. New York.

June 8, 1978.

Winthrop, Stimson, Putnam & Roberts, New York City, for plaintiff; Merrell E. Clark, Jr., John B. Daniels, New York City, Arnold M. Lerman, Wilmer, Cutler & Pickering, Washington, D. C., of counsel.

48

U. S. Dept. of Justice, Antitrust Division, New York City, by Gregory B. Hovendon, Elizabeth B. Wurzburg, Washington, D. C., for defendants.

Cahill, Gordon & Reindel, New York City, for Citicorp as Amicus Curiae; William T. Lifland, Laurence T. Sorkin, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

On December 30, 1965, the United States filed suit in this court under Section 7 of the Clayton Act, 15 U.S.C. § 18, challenging the acquisition of Carte Blanche Corporation ("Carte Blanche") by First National City Bank (now called "Citicorp"). In 1968 Citicorp agreed to divest itself of its interest in Carte Blanche and consented to the entry of a decree by which Citicorp was prevented from reacquiring an interest in Carte Blanche. *United States v. First National City Bank*, 1968 Trade Cas. ¶ 72,411 (S.D.N.Y.1968) (Ryan, J.). Almost a decade later, Citicorp approached the Antitrust Division of the Justice Department "to request modification of the consent decree entered in 1968" in order to allow the Department of Justice to consider a submission supporting Citicorp's contention that reacquisition of Carte Blanche would now be procompetitive. Letter of William T. Lifland to Acting Assistant Attorney General John H. Shenefield, dated August 18, 1977, appended as Exhibit B to Affidavit of Merrell E. Clark, Jr., sworn to May 25, 1978 ("Clark Affidavit"). By letter dated March 31, 1978, the Justice Department informed Citicorp that,

> [b]ased upon the information which has been submitted to us by Citicorp, Carte Blanche, and Avco Corporation (which presently owns Carte Blanche) and our independent investigation, we have determined that we will not oppose a petition by Citicorp to vacate the decree. If Citicorp files such a petition with the United States District Court for the Southern District of New York, we anticipate submitting a memorandum to the Court setting forth our reasons for not opposing

the petition or the proposed reacquisition of Carte Blanche by Citicorp.

Letter of John H. Shenefield to William T. Lifland, Exhibit C to Clark Affidavit.

A motion to vacate the consent decree was filed in this court within the context of the original action (65 Civ. 3963) and pursuant to Paragraph VI of the Consent Decree, by which this court retained jurisdiction "for the purpose of enabling any of the parties to this Final Judgment to apply to this Court at any time . . . for modification or termination of any of the provisions hereof." *United States v. First National City Bank, supra*, 68 Trade Cas. at 85,269. On May 9, 1978, the motion was heard by District Judge John M. Cannella, sitting as the Part I judge, and Judge Cannella, upon the representation that the Government did not oppose the defendant's motion, entered an order directing publication of a notice advising the public of Citicorp's motion to vacate the consent decree and inviting interested parties to submit comments thereon to the court within 30 days.

American Express, not a party to the consent decree, challenges the manner in which this change in the decree is proceeding, contending that the Justice Department should be conforming either to certain requirements of Section 2 of the Antitrust Procedures and Penalties Act, codified as amended at 15 U.S.C. § 16 ("APPA"), or to requirements established by the "Antitrust Division business review procedure." 28 C.F.R. § 50.6. The APPA sets out a series of steps which must be followed whenever "[a]ny proposal for a consent judgment [is] submitted by the United States for entry in any civil proceeding brought by or on behalf of the United States under the antitrust laws." 15 U.S.C. § 16(b). The business review procedure is used by the Justice Department "in certain circumstances to review proposed business conduct and state its enforcement intentions." 28 C.F.R. § 50.6 (preamble).

It would appear from the record that American Express initially inquired of the

Justice Department whether it intended to comply with either of these procedures. On May 3, 1978, the Government informed American Express that it would not comply. Clark Affidavit ¶ 5. On May 19, 1978, American Express filed the complaint in this action asking that this Court declare that the Justice Department is obligated to follow the procedures contained in certain portions of the APPA, 15 U.S.C. §§ 16(b), (c) & (d), as well as the disclosure provisions of the business review procedure. 28 C.F.R. § 50.6, subdiv. 10. American Express also requested that the Government be restrained from proceeding any further with respect to the modification or vacation of the consent decree, and that, if necessary, the Government be enjoined to comply with all relevant procedures.

American Express thereafter brought on a motion for a preliminary injunction along the lines of the restraining order discussed above. At oral argument on this motion, the parties agreed that the case was ripe for summary judgment at this time, there being no outstanding issues of material fact. Because this Court concludes, for the reasons set forth below, that the claim under the APPA is improperly before this Court and that the claim under the business review procedure is without merit, the complaint is dismissed without prejudice to renewal of the APPA claim in an appropriate manner before Judge Cannella as a part of civil action number 65 Civ. 3963.

### APPA Claim

■ American Express argues that "as a member of the public and a competitor of Carte Blanche" it has certain rights under the APPA with respect to the modification or vacation of the Citicorp/Carte Blanche consent decree, Complaint ¶¶ 15–17, on the ground that the APPA is as applicable to "a consented-to motion to vacate or modify an existing consent decree" as it is to a "proposal for a consent decree." Plaintiff's Reply Memorandum 3. Whether this proposition be correct or not, it seems to this Court that any arguments directed to the applicability of the APPA to the modification or

vacation of an existing consent decree are properly made directly to the court before which such proceedings are pending in the form of a motion to intervene or otherwise participate in those proceedings. The intention of Congress to have such arguments raised before the decree court is revealed in the APPA itself: the statute empowers the decree court to

> authorize full or limited participation in proceedings before the court by interested persons or agencies, including appearance amicus curiae, intervention as a party pursuant to the Federal Rules of Civil Procedure, examination of witnesses or documentary materials, or participation in any other manner and extent which serves the public interest as the court may deem appropriate.

15 U.S.C. § 16(f)(3). It is true that no determination has yet been made as to the applicability of the APPA to the vacation of the Citicorp/Carte Blanche consent decree. However, such decision would be the obvious first order of business upon American Express's motion to intervene under the APPA in the consent decree proceeding. Moreover, having this Court decide, in essence, whether the APPA is applicable to proceedings now pending before another court would impinge on the prerogatives of that court to decide the issues in the case before it and could also lead to inconsistent adjudications of a single legal issue. If American Express has a right to invoke certain aspects of the APPA with respect to proceedings now pending before Judge Cannella, then that right is properly invoked before that court by means of the procedures authorized by the APPA itself and committed solely to the judgment of the decree court.

### Business Review Procedure

■ American Express has attempted to invoke the public disclosure provisions of 28 C.F.R. § 50.6, subdiv. 10, contending that the Shenefield letter of March 31, 1978, was a "business review letter" within the meaning of section 50.6 and thus triggered the requirements of subdiv. 10. The Government takes issue with this characterization of the correspondence and argues that sec-

**50**

tion 50.6 is in no way relevant to this case. The Court finds the Government's view of the applicability of section 50.6 to be correct and accordingly dismisses that part of the complaint concerned with that section.

It is a basic maxim of administrative law that courts should show

> great deference to the interpretation given the statute by the officers or agency charged with its administration. . . . When the construction of an administrative regulation rather than a statute is in issue, deference is even more clearly in order.
>> ". . . [T]he ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation." . . .

*Udall v. Tallman*, 380 U.S. 1, 16–17, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965), *quoting Bowles v. Seminole Rock Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945).

The Antitrust Division's interpretation of the applicability of section 50.6 to the facts of this case is fully consistent with the regulation. Section 50.6 exists as a result of the Justice Department's willingness to forego its normal policy against the issuance of "advisory opinions" in order to state its "enforcement intentions" with respect to "proposed business conduct." 28 C.F.R. § 50.6 (preamble). Thus, the regulation, by committing the Justice Department to state a position with respect to future enforcement plans, necessarily implies that the matter under review is not the subject of any currently pending enforcement proceedings. Rather, the opinion of the Justice Department is an "advisory opinion," a familiar term used in the legal lexicon to denote an opinion concerning a matter not yet ripe for judicial action and thus not yet before any court.[1] In the instant case the Department was contacted by an adverse party in a pending litigation for a statement of its position on a motion proposed to be made in that litigation. The response by

the Government to this request cannot be characterized as an "advisory" "business review letter" concerning "proposed business conduct," *id.* subdivs. 1, 4 & preamble, but as a litigational position. Thus, section 50.6 is inapposite to the current case, and the claim alleged under that section is without merit.

In sum, the Court concludes that any issues concerning the application of the APPA to the proceedings on the Citicorp/Carte Blanche consent decree now pending before Judge Cannella are properly raised only before that court and within the pending proceeding. Thus, American Express's claim under the APPA is improperly addressed to this Court and must be dismissed without prejudice to its renewal by appropriate motion before Judge Cannella. The Court further concludes that American Express's alternate claim under 28 C.F.R. § 50.6 is without merit and must be dismissed with prejudice. Accordingly, summary judgment is granted in favor of the defendants dismissing the complaint in its entirety.

---

1. At oral argument, the attorney for the Antitrust Division explained that the business review procedure

    *was established by the Department for those cases in which prosecutorial discretion was* exercised in a way the court couldn't intervene because the government decided not to sue or the party decided not' to take the action if the government intended to sue. Transcript of June 6, 1978, at 16.